# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  15-CV-00397 -REB-CBS

MILNER DISTRIBUTION ALLIANCE, INC.,

      Plaintiff,

v.

MILNER SPORTS, LLC, et al.

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Disclosure and discovery activity in the above-captioned case is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the above-captioned case may be warranted.  Accordingly, the named parties hereto (individually the "Party" and collectively the "Parties") hereby stipulate to and petition this C ourt to enter the following Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

# I.  SCOPE OF PROTECTIVE ORDER

**1.01 Scope of Order.**

This Order shall apply to discovery initiated by any of the Parties to one or more other Parties or to any third parties and shall apply to all information, documents, electronically stored information ("ESI"), and/or things in the possession of or under the control of any Party or third party subject to discovery in this action.  This Order shall further govern the production of documents and information supplied in this case in any form by a Party and designated by that producing Party as embodying "Confidential" or "Attorneys-Eyes Only" material for purposes of discovery or otherwise.

# II.  PROCEDURES FOR PROTECTION OF PROTECTED INFORMATION

**2.01 Definitions.**

2.01(a) "Confidential Information" shall include any non-public material and information that the producing Party reasonably and in good faith believes contains or reveals confidential research, development or commercial information; or other proprietary, privileged, or sensitive information or know-how that derives its value from secrecy, or such material the public disclosure of which would cause the producing party, or third parties identified therein, undue annoyance or embarrassment.  The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential Information, as well as testimony and oral conversations derived therefrom or related thereto.

2.01(b) "Attorneys-Eyes Only Information"  shall include non-public material and information that the producing party deems so competitively sensitive that the information would cause irreparable harm if it was learned by its competitors or potential competitors.

2.01(c) "Protected Information" shall refer to and include both "Confidential Information" and "Attorneys-Eyes Only Information" in the aggregate.

**2.02 Designation of Protected Information.**

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each premise or thing or portion thereof which is deemed by the producing Party to disclose Protected Information, will be identified and labeled as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY" as appropriate.

Such identification and marking shall be made at the time when the producing Party provides responses, documents, inspections, or things that it considers to be Protected Information. In the case of deposition transcript pages, the designating Party shall advise opposing counsel of the specific pages to be maintained in confidence, if any, within fourteen (14) days after the receipt of the transcript of the deposition, if such request for a confidential or attorneys-eyes only designation is not made at or during the deposition. Counsel must make a good faith attempt to designate only those materials which contain sensitive business or personnel matters, not available to the general public, as Protected Information. During the interim fourteen (14) day period, the entire deposition transcript shall be deemed to be Confidential.

Further, at the beginning of any physical inspection of any tangible item, premise, or thing or portion thereof, either party, through counsel, may declare the inspection itself, and any and all visual observations, measurements, drawings, depictions, photographic and/or videotaped images, audio-taped and/or transcribed audio-taped information, recordings of any

kind, notes, and any documents received or generated related to the physical inspection as containing Confidential or Attorneys Eyes Only Information.

**2.03 Disputes as to Protected Information.**

A Party may object to the designation of particular Protected Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. The Parties agree to meet and confer to try to resolve the dispute on an informal basis before presenting the dispute to the Court. If the Parties cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the Party opposing the designation of the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as designated under the terms of this Protective Order until the Court rules on the motion. If the Party opposing the designation fails to file such a motion within the prescribed time, the disputed information shall remain as designated and be treated as designated in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information shall bear the burden of establishing that good cause exists for the disputed information to be treated as designated. The Court is empowered to determine whether the designation applies.

## III. AUTHORIZED USE OF PROTECTED INFORMATION

**3.01 Use of Protected Information.**

Protected Information shall not be used or shown, disseminated, copied or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals, and only in compliance with this

Order.  Protected Information shall not be used for competitive purposes.  No Party shall under any circumstances sell, offer for sale, advertise or in any way disclose Protected Information (e.g. no person shall permit the viewing, dissemination, copying, recording, duplicating, transmitting or sharing of Protected Information).   Counsel for Plaintiff and Defendants shall take necessary and reasonably proper precautions to prevent the unauthorized or inadvertent disclosure or distribution of any Protected Information.

**3.01(a)  Disclosure of Confidential Information - Qualified Persons**

Except with the prior written consent of counsel for the Party designating the information, or upon further order of this Court, or if the material becomes part of the public  record, disclosure of Confidential Information shall be limited to the following persons, who shall be referred to as "Qualified Persons" with respect to Confidential Information:

(1)     attorneys of record for any of the Parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

(2)     all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose assistance is necessary in the preparation and trial of this action and necessary employees of the outside experts and consultants or the firm of such experts and consultants;

(3)     all named Parties who have made an appearance in this lawsuit and their employees;

(4)     in-house and outside attorneys for the Parties and those attorney's respective employees;

(5)     copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of this action;

(6)     court reporters and videographers transcribing or filming deposition or testimony involving Confidential Information;

(7)     insurers of the Parties, and counsel for insurers of the Parties;

(8)     a non-party witness who may be examined and may testify concerning Confidential Information if it appears on its face or from other documents that the witness is the author or recipient of the Confidential Information or if there is a good faith, legitimate basis for examining the non-party witness concerning the Confidential Information; and

(9)     the court and its employees (the "Court Personnel").

**3.01(b)  Disclosure of Attorneys-Eyes Only Information – Qualified Persons**

Except with the prior written consent of counsel for the Party designating the information, or upon further order of this Court, or if the material becomes part of the public record, disclosure of Attorneys-Eyes Only Information shall be limited to the following persons, who shall be referred to as "Qualified Persons" with respect to Attorneys-Eyes Only Information:

(1)     attorneys of record for any of the Parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

(2)     all outside experts and consultants, who are not employees, officers, directors, or representatives of any Party, retained by the Parties and whose assistance is necessary in the preparation and trial of this action and necessary employees of the outside experts and consultants or the firm of such experts and consultants;

 (3)     in-house and outside attorneys for the parties and those attorney's respective employees;

(4)     copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of this action;

(5)     court reporters and videographers transcribing or filming deposition or testimony involving Attorneys-Eyes Only Information;

 (7)     a non-party witness who may be examined and may testify concerning Attorneys-Eyes Only Information if it appears on its face or from other documents that the witness is the author or recipient of the Attorneys-Eyes Only Information; and

(8)      the Court and its employees (the "Court Personnel").

**3.02 Prerequisites to Disclosure to Qualified Persons.**

No person listed in Paragraphs 3.01(a)(2)-(3) and (b)(2) shall be allowed access to Protected Information unless each such person is (i) given a copy of this Order and thoroughly advised as to its terms by the respective party's attorney; and (ii) agrees in writing to

strictly comply with the terms of this Order through completion of the form that is attached to this Order as Exhibit 1.

Before disclosing Protected Material to any person listed in paragraphs 3.01(a)(2) and (b)(2) herein who is known to be a competitor (or an employee of a competitor of the Party that so designated the discovery material), the Party wishing to make such disclosure shall give at least seven (7) business days advance notice in writing to the counsel who designated such discovery material as Protected Information, stating that such disclosure will be made, identifying by subject matter category the discovery material to be disclosed, and stating the purposes of such disclosure.  If, within the seven (7) business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application.  As used in this paragraph, the term "Competitor" means any third party who is engaged in the design and wholesale distribution of eyewear.  For each Qualified Person other than Court Personnel to whom disclosure of Protected Information is made, and of whom a signature on Exhibit A is required by this Order, each respective counsel shall retain a copy of the signed agreement pursuant to the requirements of the preceding paragraph.

### 3.03 Depositions.

The requirements of this Order extend to oral depositions and depositions on written questions.  Any individual not authorized by this Protective Order to be a recipient of Protected Information may be excluded from a deposition while such information is being elicited.

### 3.04 Filing Protected Information.

The Parties shall file Protected Information in accordance with this paragraph.  Upon the e-filing of any Protected Information, the Parties are Ordered to file the document under

seal.  The filing Party shall ensure that the materials are filed as suppressed and, in so doing, comply with the applicable local rules for filing under seal.  Protected Information shall not be filed with the Court except when required in connection with matters pending before the Court.

**3.05. Use of Protected Information during the course of litigation and at trial.**

Subject to paragraph 3.04 regarding Court filings, Protected Information may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary.

## IV.  PROCEDURES UPON THE CONCLUSION OF THIS LITIGATION

**4.01 Termination of Litigation.**

This Order, insofar as it restricts the communication and use of Protected Information, shall survive and continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over these Parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

Within sixty (60) days of the conclusion of this action, including any appeals, each Party shall destroy all Protected Information provided by other Parties (except as provided herein with respect to documents reflecting privileged communication or attorney work product) and, upon request of the producing Party, certify in writing that all of the material has been destroyed and serve the certification on all other Parties within the time permitted for destruction.   Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contain Protected Information, provided they do not disclose the Protected Information or use it for any purpose unrelated to this action except as permitted by court order or agreement with the producing party.  Similarly, insurers shall be entitled to retain Protected Information, provided they do not disclose it or use it for

any purpose unrelated to this action except as permitted by court order or agreement with the producing party

**4.02 Continuing jurisdiction of the Court.**

After termination of this litigation, the provisions of this Order shall continue to be binding unless otherwise ordered by the Court.   This Court retains and shall have jurisdiction over the Parties and recipients of Protected Information for enforcement of the provisions of this Order.

## V.  MISCELLANEOUS PROVISIONS

**5.01 Binding effect.**

This   Order   shall   be   binding   upon   the   Parties,   their   attorneys,   and   their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors and other persons or organizations over which they have control.

**5.02 No waiver or admission.**

Neither   the   taking   of   any   action   in   accordance   with   the   provisions   of   this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.   The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things.   Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any Party or person that any particular document or information is or is not confidential and/or subject to trade secret protections; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any Party or person to seek a Court determination of whether or not

particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Protected Information and subject to this Protective Order.  The designation of Protected Information is not admissible before any trier of fact.

**5.03 Inadvertent Disclosure by Producing Party.**

The inadvertent and/or unintentional disclosure by the producing Party of Protected Information, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of protection, either as to the specific information disclosed or as to any other information relating thereto or concerning the same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a producing Party not designated as such at the time of its release shall be designated as protected as soon as reasonably possible after the producing Party becomes aware of the erroneous release and shall thereafter be treated as properly designated hereunder.  The producing Party shall provide prompt supplemental written notice designating the documents and information as CONFIDENTIAL or ATTORNEYS-EYES ONLY.  The producing Party and Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraph 2.02, with the producing Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement.  A written notice shall identify with specificity the information or documents that contain Protected Information.  In addition, if reasonably requested, the Party receiving the Protected Information shall use its best efforts to retrieve any inadvertently disclosed Protected Information from any persons to whom it gave Protected Information and who is not otherwise entitled to see the Protected Information. No liability

shall attach for the receiving Party's disclosure of inadvertently or unintentionally disclosed Protected Material from the time of receipt of that material until such time as the producing Party properly designates such material as Protected.

**5.04 Privileges and Objections.**

Nothing in this Order shall preclude any Party from asserting the attorney-client, work product, or any other applicable privilege or protection as to any document or information. Nothing in this Order shall preclude the right of any Party to oppose production of any information on any ground allowed under Federal law.  It is understood and agreed that nothing herein constitutes a waiver of the right of any Party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence.  This Order shall not be construed as a waiver by any Party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any Party may have to assert such privilege or protection at any stage of the proceeding.

**5.05 Inadvertent Disclosure of Privileged Material**

An inadvertent production of information, documents, or tangible things that should have been withheld subject to a claim of attorney-client privilege or work-product protection shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or protection.  In such an event, the producing Party shall request, in writing, within five (5) business days of learning of the inadvertent or mistaken production, the return of all information for which a claim of inadvertent or mistaken production is made.  Within ten (10) business days after receiving a written request to do so from the producing Party, the receiving Party shall return to the producing Party any documents or tangible items that the

producing Party represents are covered by a claim of attorney-client privilege or work-product protection, and were inadvertently or mistakenly produced.  The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.

**5.06 Relief from Order.**

Any person may request the Court to grant relief from any provisions of this Protective Order.

**5.07 Exclusions.**

Nothing herein shall impose any restrictions on the use or disclosure by any Party or any witness of documents or information obtained lawfully by any Party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiffs or Defendants, as the case might be, in this action. Nothing in this Protective Order shall prevent a Party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated as Protected Information under this Protective Order.   Nothing in this Protective Order shall prevent a Party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.   Nothing in this Protective Order shall prevent a Party or its attorneys from fulfilling any responsibility to make disclosure to attorney regulatory authorities pursuant to applicable Rules of Attorney Professional Conduct.

**5.08 Jurisdiction.**

Each individual who receives any Protected Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

**5.09 Secure Storage.**

The recipient of any Protected Information shall maintain the information in a secure and safe area and in a manner which ensures that access to Protected Information is strictly limited to persons entitled to receive Protected Information in accordance with the provisions of this Order.

**5.10 Designating Party Usage.**

Nothing in this Order shall prevent a producing Party from using information it designates as Protected Information in any manner it desires.

**5.11 Seeking Additional Protection.**

Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Protected Information as that party may consider appropriate.

**5.12 Court Orders or Subpoenas.**

If any Party or person subject to this Order receives a court order, subpoena or other process demanding production of Protected Information, that person or Party shall promptly notify the attorneys of the producing Party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the designating Party whose interests may be affected.  The producing Party shall have

the burden of defending against the subpoena, process, or order. The Party served the discovery request, subpoena or other process shall, once sufficient notice to all interested Parties and a reasonable opportunity (but in no case less than ten (10) business days after notice) to object has been given, be entitled to comply with the subpoena, discovery request or other process order except to the extent the producing Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, discovery request or other process or to the extent the filing of the motion to modify, stay or quash the subpoena, discovery or other process stays the Party's obligation to comply with the request. If the return or response date for the subpoena or the compliance date for any order is less than ten business days after service, the Party receiving the subpoena or order shall: (1) request an extension of the return or compliance date; and (2) advise the producing party immediately of the return or compliance date.

**5.13 Retained Jurisdiction.**

This Court retains jurisdiction even after termination of this action to enforce this Order and to make deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time. Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order. The Court retains the final and complete authority to re-designate any confidential document as a public document.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Allen & Vellone, P.C.                          Lewis Kuhn Swan, PC


By: _s/ Antonio L. Converse_____          By: _s/ Andrew E. Swan_____
Patrick D. Vellone                            Paul F. Lewis
Antonio L. Converse                           Michael D. Kuhn
1600 Stout Street, Suite 1100                 Andrew E. Swan
Denver, Colorado 80202                        620 North Tejon Street, Suite 101
Tel.: 303.534.4499                            Colorado Springs, CO  80903
pvellone@allen-vellone.com                    Tel: 719.694.3000
aconverse@allen-vellone.com                   plewis@lewiskuhnswan.com
                                              mkuhn@lewiskuhnswan.com
**ATTORNEYS FOR PLAINTIFF MILNER**            aswan@lewiskuhnswan.com
**DISTRIBUTION ALLIANCE, INC.**
                                              **ATTORNEYS FOR DEFENDANTS**


PURSUANT TO STIPULATION, IT IS SO ORDERED:


DATED this __15th__ day of ___September_____, 2015


                          BY THE COURT:

                          _____
                          United States Judge

                          Craig B. Shaffer
                          United States Magistrate Judge

## EXHIBIT  A

### TO STIPULATED PROTECTIVE ORDER

I, _____ (print or type name), hereby certify that I have

received and carefully read the Stipulated Protective Order in the action entitled Milner

Distribution Alliance, Inc., v. Milner Sports, LLC, d/b/a Epoch Eyewear, *et al*. (US District

Court for the District of Colorado, Case No. 15-CV-00397), and that I understand the terms and

effect of that Order, and that I agree to be bound by it.  I further certify that:

1.  My address is _____

2.  My present employer is _____ and the address of my present

employment is_____.

3.  My present occupation or job description is _____

4.  I agree to submit to the jurisdiction of the United States District Court for the District of

Colorado in connection with the Order.

5.  I will comply with all of the provisions of the Protective Order.

6.  I will hold in confidence and not disclose to anyone not qualified under the Protective Order,

any CONFIDENTIAL or ATTORNEYS-EYES ONLY INFORMATION or any words,

summaries, abstracts, or indices of CONFIDENTIAL or ATTORNEYS-EYES ONLY

INFORMATION disclosed to me.

7.  Upon the first of (1) termination of my services in this action, or (2) forty two (42) days

following the termination of this litigation, including all appeals, I will return all

CONFIDENTIAL or ATTORNEYS-EYES ONLY INFORMATION and summaries, abstracts

and indices thereof which come into my possession, and documents or things which I have

prepared relating thereto, to counsel for the party by whom I am employed or retained.


Date: _____


_____
Printed Name


_____
Signature